# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00472-CR

**Jeffrey Sheldon Barnard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2012-512, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jeffrey Sheldon Barnard appealed his convictions for sexual assault of a child and indecency with a child by contact. When no brief was filed, we abated and remanded for a hearing concerning whether he wished to prosecute this appeal. Discussion at the hearing revealed that Barnard sought by his appeal to obtain credit for time served that was omitted from the original judgments in this case. Upon the court reading the proposed judgments nunc pro tunc that included the time served that had been omitted, Barnard stated in open court, "I was just going to say that since it's being taken care of, I was—I have chose to withdraw my appeal." The trial court warned Barnard of the impact of withdrawing his appeal in the following exchange:

> THE COURT: . . . And—and more often than not, if there is some issue that could have been raised in a direct appeal, that could have been raised in a direct appeal, that you cannot later challenge it in some indirect—
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: —appeal or collateral attack. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. So if there is some issue that you think there is with the actual trial process that—if you are saying on the record here under oath that you're wishing to dismiss your appeal, that they're not going to let you come back and do a mulligan, if you play golf; right.

THE DEFENDANT: Yes, sir. I know what you're taking about.

THE COURT: You know what I'm talking about? You're not going to get a do-over.

THE DEFENDANT: Yes, sir.

[DEFENSE COUNSEL]: Your Honor, if I just may add, Mr. Barnard had indicated a desire to withdraw the appeal early on. I had reviewed the record. I found no appealable issues, concluded that the issues would be frivolous, [and] prepared [an] *Anders* brief.

The court then signed judgments nunc pro tunc that contained the previously omitted credit for time served.

On this record, based on the credit for time served requested and contained in the judgments nunc pro tunc and Barnard's declaration in open court that he wished to withdraw his appeal, we dismiss this appeal as moot.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed as Moot

Filed: August 28, 2015

Do Not Publish

2